# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-454

| | |
|---|---|
| YU' SUNRUS BEY, )<br>)<br>Planittiff )<br>)<br>vs. )<br>)<br>)<br>STATE OF NORTH CAROLINA, ET AL., )<br>)<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Doc. No. 4). For the reasons stated herein, Defendant's Motion is GRANTED.

Plaintiff, a self-proclaimed Moorish National under the Moroccan Friendship and Peace Treaty of 1787 and a member of the United Nations Indigenous Peoples Organization, (Compl., p. 15), filed this complaint against the State of North Carolina and twenty-two (22) named defendants alleging violations of 18 U.S.C. § 241, 18 U.S.C. § 242, the Universal Declaration of Human Rights Articles Two (2), Three (3), Five (5), Seven (7), and Nine (9), as well as the Fifth Amendment of the United States Constitution. He seeks over $49 million in damages and also requests that defendants be ordered to perform 1,000 hours of community service.

At the outset, 18 U.S.C. § 241 and § 242 are criminal statutes. Both provide that a violation is punishable by imprisonment "for any term of years or for life, or both, or may be sentenced to death." Only the government has the ability to imprison people and thus to enforce these statutes. There is no private right of action under either 18 U.S.C. § 241 or § 242, and thus Plaintiff cannot sue to enforce his rights under them. Therefore, Plaintiff's seven (7) claims

alleged pursuant to these two statutes are hereby DISMISSED with prejudice.

Likewise, Plaintiff has no private right of action under the United Nations' Universal Declaration of Human Rights (UDHR). See Paige v. Virginia, 67 F.3d 296 (4th Cir. 1995) (unpublished table opinion); Abebe v. Sutton, No. 5:12-202, 2012 WL 1096153 (D.S.C. April 2, 2012) ("The UDHR 'does not of its own force impose obligations as a matter of international law,' much less create justiciable rights beyond those provided for in the Constitution.") (citing Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004)). Therefore, all of Plaintiff's claims arising under the Universal Declaration of Human Rights are hereby DISMISSED with prejudice.

That only leaves Plaintiff's single claim under the Fifth Amendment of the United States Constitution, which the Court construes as a claim under 42 U.S.C. § 1983 to enforce Plaintiff's constitutional rights.[1] Plaintiff's supporting facts for his single claim citing the Constitution states, in its entirety, "The 26th Prosecutorial District Court denied me Due Process of Law." (Compl., p. 17). This cause of action seems to only implicate the court and perhaps those related to the court, but not the other parties named in this action. There are a number of court officers, including judges and magistrates, named in this action as defendants. However, judges and judicial officers have absolute immunity for their judicial acts. See, e.g., Dennis v. Sparks, 449 U.S. 24, 27 (1980) ("[T]his Court has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when

---

[1] The Court notes that Plaintiff's complaint, which is not a form complaint, indicates that jurisdiction is proper in this Court pursuant to 18 U.S.C. § 241 and § 242. He left blank a space (of his own creation) for 42 U.S.C. § 1983, implying this suit does not fall within the purview of the statute. However, the Court knows of no other way to enforce Plaintiff's constitutional rights in a dispute with a U.S. state.

such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); Perison v. Ray, 386 U.S. 546, 554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discrtion, as this court recognized when it adopted the doctrine in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)."). This doctrine extends to magistrates. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as judges."). Even the clerk of court, which is named in this lawsuit,[2] is immune when performing quasi-judicial duties, as it appears she was here. See Loftis v. County of Horry, S.C., 948 F.2d 1281 (4th Cir. 1991) (unpublished table opinion) ("The clerk of court is entitled to derivative immunity if he was acting under the court's discretion."); McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972) ("The immunity of 'quasi-judicial' officers . . . derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges."). Therefore, Plaintiff's last remaining claim for a violation of his rights pursuant to the Fifth Amendment of the Constitution is hereby DISMISSED with prejudice.

With no remaining claims, the above-captioned action is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

Signed: August 13, 2012

Frank D. Whitney
United States District Judge

---

[2] It is unclear from the complaint if the clerk of court is implicated in this specific claim by Plaintiff citing the Fifth Amendment of the U.S. Constitution.